# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY LEE SEWELL, *et al.*, | : | CIVIL ACTION NO. 1:13-CV-1212 |
| Plaintiffs | : | Judge Conner |
| v. | : | Magistrate Judge Blewitt |
| DWAYNE DUBS, *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.    Background**.

In April 2013, Plaintiffs Gregory Lee Sewell and Kristen Sewell, residents at 648 Broadway, Hanover, York County, Pennsylvania, filed, *pro se*, a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiffs filed their Complaint in the U.S. District Court for the Eastern District of Pennsylvania. Plaintiffs attached several Exhibits to their 6-page form Complaint. Plaintiffs also filed a Motion to Proceed *in forma pauperis*. (Doc. 2). On May 3, 2013, the U.S. District Court for the Eastern District of Pennsylvania granted Plaintiffs' Motion to Proceed *in forma pauperis* and transferred Plaintiffs' case to the U.S. District Court for the Middle District of Pennsylvania.

We screened Plaintiffs' original Complaint after it was received in the U.S. District Court for the Middle District of Pennsylvania. We found Plaintiffs' Complaint to be deficient for several reasons. Thus, on May 10, 2013, we issued an Order and directed Plaintiffs to file an amended Complaint. (Doc. 6).

Initially, we pointed out that only Plaintiff Gregory Sewell signed the original Complaint and the Civil Cover Sheet. We directed both Gregory and Kristen Sewell to sign an amended Complaint if they both wished to be Plaintiffs. (Doc. 6).

Additionally, Plaintiffs' original Complaint was very difficult to understand and it had writing across, underneath and on top of the lines provided on the form Complaint. It was also not clear as to who the Defendants were. It appeared that Defendants were Magisterial District Judge Dwayne Dubs of York County, Magisterial District Judge Daniel S. Bowman of Adams County, Hanover Police Department Officer Richy, Adams County Prison, Dzung Luong, McSherrytown Police Department, and Officer Woods of the Conowago Police Department. The Clerk of Court did not docket the names of Defendants in this case as we had read the Defendants. Also, Plaintiffs did not list all of the same Defendants in the section of their form Complaint labeled Parties as they did in their caption. Regardless, in our Order, we directed Plaintiffs to clearly state the names, titles and addresses of each one of their Defendants in their Amended Complaint. (Doc. 6).

In our Order, we further forewarned Plaintiffs that insofar as they named Magisterial District Judge Dwayne Dubs of York County and Magisterial District Judge Daniel S. Bowman of Adams County as Defendants due to their handling of criminal charges filed against Plaintiff Gregory Sewell, and insofar as Plaintiffs only sought monetary damages, these two judges appeared to be entitled to judicial immunity. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 2d 239, 255-56 (M.D. Pa. 2010); *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 696 W.D. Pa. 2009).

2

Also, we pointed out in our Order that Plaintiffs' own Exhibits appeared to indicate that Plaintiff Gregory Sewell was convicted of some of the crimes for which he is now asserting his constitutional rights were violated, including Fourth Amendment claims of false arrest and unreasonable search and seizure as well as Fourteenth Amendment Equal Protection claims. We advised Plaintiffs that if Plaintiff Gregory Sewell was convicted of some of the criminal offenses, his instant constitutional claims may be *Heck* barred. *See Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Additionally, we advised Plaintiffs in our Order that they improperly named Adams County Prison as a Defendant. A civil rights action cannot be maintained against Adams County Prison because a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304 (1989); *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568 (1977); *see also Slagle v. County of Clarion,* 435 F.3d 262, 264 n. 3 (3d Cir.2006) (the Third Circuit stated that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'").

Also, in our Doc. 6 Order, we stated that it was not clear if Plaintiffs intended to name the three police departments as Defendants in addition to the officers of those departments.[1]

---

[1]We noted in our Doc. 6 Order that if Plaintiffs intended to also name the three police departments as separate Defendants, they could simply clarify this when they filed their Amended Complaint. We also noted Plaintiffs were forewarned that any constitutional claim against the police departments cannot be based on *respondeat superior* with respect to Defendant officers and must be in conformance with *Monell v. Department of Social Servs.*, 436

Further, we stated in our Doc. 6 Order that the dates of each of Plaintiffs' claims were not clear and there were insufficient allegations as to the personal conduct of each named Defendant which amounted to constitutional violations in their original Complaint. In fact, we stated that Plaintiffs' statement of claims were largely illegible and uncomprehensible.

Moreover, in our Order, we stated that since Plaintiffs filed an *in forma pauperis* Motion, we could screen their original Complaint. As stated, the U.S. District Court for the Eastern District of Pennsylvania granted Plaintiffs' Motion to Proceed *in forma pauperis*. Thus, we were obliged to screen Plaintiffs' pleading under 28 U.S.C. §1915(e) even though they are not complaining about prison conditions. As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.), "Section 1915(e)(as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

---

U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

> determines that --
> 
> (A) the allegation of poverty is untrue; or
> 
> (B) the action or appeal --
> 
>     (i) is frivolous or malicious;
> 
>     (ii) fails to state a claim on which relief may be granted; or
> 
>     (iii) seeks monetary relief against a defendant who is immune from such relief.
> 
> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that
> "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C.
> § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

As stated, on May 10, 2013, we issued an Order directing Plaintiffs to file an Amended Complaint by May 24, 2013, because Plaintiffs failed to sufficiently allege personal involvement of any of the named Defendant and because their original Complaint was in clear violation of Federal Rule of Civil Procedure 8(a) and the standards required to state a claim under 42 U.S.C. § 1983. (Doc. 1). Thus, we directed Plaintiffs to file an Amended Complaint and gave them directions as to how to file a proper civil rights pleading.

We stated that in a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and, (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

We further advised Plaintiffs that it was well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. We also stated that it was well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case, and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been

personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.;* *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

In light of the aforementioned requirements of both § 1983 and *Iqbal*, we found that Plaintiffs' Complaint lacked sufficient allegations as to all Defendants and what these Defendants personally did to violate any of Plaintiffs' constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 1953 (2009). As mentioned, we could not even discern who the Defendants were in this case based on Plaintiffs' original Complaint.

Accordingly, we directed Plaintiffs to file an amended complaint by May 24, 2013, in our Order filed on May 10, 2013. (Doc. 6). We stated that if Plaintiffs failed, within the applicable time period, to file their amended complaint adhering to the standards set forth above, we would recommend that this action be dismissed.

Plaintiffs failed to timely file their Amended Complaint as we ordered. We *sua sponte* gave Plaintiffs an additional ten (10) days from May 24, 2013, to file their Amended Complaint. Because Plaintiffs failed to file their Amended Complaint as ordered, we will now recommend that this case be dismissed without prejudice for Plaintiffs' willful failure to prosecute their case and to abide by the Court's Order.

II.     Discussion.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added). *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). In the instant case, Plaintiffs have failed to prosecute their action and, have failed to comply with the

7

Order of this Court by their failure to timely file their Amended Complaint. Plaintiffs have taken no action with respect to this case since May 2, 2013, when they filed their original Complaint in the U.S. District Court for the Eastern District of Pennsylvania. (Doc. 4). As stated, in our May 10, 2013 Order, we directed Plaintiffs to file an Amended Complaint by May 24, 2013. (Doc. 6). We then afforded Plaintiffs *sua sponte*, an additional ten (10) days to comply with the Court's Order to file their Amended Complaint. However, Plaintiffs have failed to timely file their Amended Complaint and, they failed to request an extension of time. Further, Plaintiffs have not filed any decrement with the Court explaining why they have failed to comply with the Doc. 6 Order.

We find that the stated behavior of Plaintiffs constitutes a willful failure to prosecute their case, as opposed to a situation in which they had problems in pursuing their case, but made efforts to comply with this Court's Order. We find that Plaintiffs' "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). We find that due to Plaintiffs' willful failure to file their Amended Complaint as directed by the Order from the Court, this case cannot proceed forward.

Rule 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court. Therefore, we shall recommend that this case be dismissed without prejudice under Rule 41(b) due to Plaintiffs' willful failure to prosecute it and due to their willful failure to comply with the Court's Order. Plaintiffs should be deemed as abandoning this action. *Id.; see also Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994);

*Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990) (the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Even though we find that Plaintiffs' conduct clearly shows that they intended to abandon their case, out of an abundance of caution, we analyze the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), before recommending that this case be dismissed under Rule 41(b). *See Emerson v. Thiel College*, 296 F.3d at 190.

In *U.S v. $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 161 (3d Cir. 2003)*,* the Court stated that "the sanction of dismissal is disfavored absent the most egregious circumstances. *See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-68 (3d Cir.1984)*." The Court in *U.S v. $8,221,877.16 in U.S. Currency,* 330 F.3d at161-62, then stated that "six important factors must be weighed by a district court in determining whether the harsh sanction of dismissal is justified:"

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

(Citing *Poulis,* 747 F.2d at 868).

In analyzing and balancing all of the *Poulis* factors, we find that Plaintiffs' stated conduct in delaying their case is attributed to them personally. Initially, Plaintiffs were required to have filed their Amended Complaint by May 24, 2013. (Doc. 6). Plaintiffs failed to comply with the

Court's Order. We then afforded Plaintiffs, *sua sponte*, an additional ten (10) days to comply with the Court's Order to file their Amended Complaint. To date, Plaintiffs have failed to timely file their Amended Complaint and, they failed to request an extension of time. Thus, Plaintiffs have not properly filed any amended pleading as directed by the Court's Order.

Plaintiffs have failed to comply with the Court's Order, and thus, we shall now recommend that their case be dismissed without prejudice in accordance with Rule 41(b). As stated, this case cannot proceed without Plaintiffs' compliance with the Court's Order to file an Amended Complaint. Plaintiff 's original Complaint was not a proper pleading and it did not state any cognizable constitutional claim as required in a S1983 action. Because we shall recommend that Plaintiffs' case be dismissed without prejudice and because Plaintiffs have not paid the filing fee, we find that other sanctions would not be effective in this case.

As stated, Plaintiffs have not properly filed any amended pleading as directed by the Court's Order, and they also have given no indication that they intend to pursue this action. Plaintiffs have failed to contact the Court to provide an explanation as to why they failed to comply with its Order.

We also find that Plaintiffs have caused prejudice to all Defendants since they have been named in a federal lawsuit, and no action, has been made on them to date. In fact, Plaintiffs' original Complaint naming these Defendants was filed over a month ago.

Moreover, since Plaintiffs have failed to file a proper pleading and have failed to file their Amended Complaint as specified in our May 10, 2013 Order (Doc. 6), it does not appear that Plaintiffs have stated a meritorious claim against any Defendants.

10

Plaintiffs have failed to comply with the Court's Order, and thus, we shall now recommend that their case be dismissed without prejudice in accordance with Rule 41(b). As stated, this case cannot proceed without Plaintiffs' compliance with the Court's Order to file their Amended Complaint. Because we shall recommend that Plaintiffs' case be dismissed without prejudice and because Plaintiffs have not paid the filing fee, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiffs' willful failure to comply with the Court's Order to file their Amended Complaint demonstrates they have abandoned their case.

**III.    Recommendation.**

Based on the foregoing, it is respectfully recommended that the Plaintiffs' case be dismissed without prejudice.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 4, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY LEE SEWELL, *et al.*, | : | CIVIL ACTION NO. 1:13-CV-1212 |
| | : | |
| Plaintiffs | : | Judge Conner |
| | : | |
| v. | : | Magistrate Judge Blewitt |
| | : | |
| DWAYNE DUBS, *et al.*, | : | |
| | : | |
| Defendants | : | |

# **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 4, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                    s/ Thomas M. Blewitt  
                                                  **THOMAS M. BLEWITT**  
                                                  **United States Magistrate Judge**

**Dated:  June 4, 2013**